JOURNAL ENTRY AND OPINION
Anthony Wright appeals from a judgment of the common pleas court which imposed a maximum eighteen-month sentence following his plea of guilty to the crime of burglary, a felony of the fourth degree. On appeal, Wright complains the court erred in concluding he had committed the worst form of the offense asserting that he had been punished for obtaining a favorable plea bargain and also that his commission of this offense while on probation should not constitute the worst form of the offense.
Uncharacteristically, the state in its brief conceded the first assignment of error in which Wright alleged judicial error by finding he had committed the worst form of the offense in reliance upon the indictment instead of the plea. After a review of the facts in this case and the applicable case authority, and despite the state's concession, we have concluded the judgment of the court should be affirmed.
The record here reveals that on October 28, 1998, Wright burglarized the home of co-worker, Kevin Murphy, who lived at 3693 East 57th Street in Cleveland, and stole jewelry, compact discs, and a walkman. Subsequently, the grand jury returned two indictments against him: burglary, a second degree felony, which contained two repeat violent offender specifications, and theft, a fourth degree felony. On April 28, 1999, Wright pled guilty to an amended indictment, burglary, a fourth degree felony, without the specifications, and the state moved to nolle the theft charge.
When the matter came on for sentencing, the court conducted a hearing and then imposed a term of incarceration of eighteen months for Wright's participation in this case.
At the sentencing hearing, after making other comments, the court made the following statements:
 As far as I'm concerned, he committed a second degree felony, not a fourth degree felony. * * *
* * *
 As I look at this, since this is in fact a second degree felony, this qualifies under the statute as the worst form of a fourth degree felony because it really is a second degree felony.
In its judgment entry, the court found Wright had a greater likelihood of committing a future crime because he had been imprisoned on three previous occasions since 1980, had a criminal record for theft offenses since 1978, and had committed the worst form of the offense because he had committed it while on shock probation.
It is from the imposition of the eighteen-month maximum sentence that Wright now appeals and raises two assignments of error for our review.
I.
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO R.C. 2929.14 (C) WHERE THE COURT IMPERMISSIBLY FOUND APPELLANT TO HAVE COMMITTED THE WORST FORM OF THE OFFENSE BY CONSIDERING AND RELYING UPON THE INDICTMENT RATHER THAN THE REDUCED PLEA FOR WHICH APPELLANT PLEADED GUILTY AND FOR WHICH HE WAS BEING SENTENCED.
II.
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM, SENTENCE PURSUANT TO R.C. 2929.14 (C) WHERE THE COURT DID NOT FIND OR SET FORTH THE FACTORS SUPPORTING THAT APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE OR THAT APPELLANT OPPOSED [SIC] THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES.
Wright argues the court sentenced him to a maximum term of incarceration because he received an advantageous plea bargain and, in imposing sentence, the court erroneously considered the charge in the indictment, burglary, as a second degree felony and not as the reduced charge to which he pled. The state has conceded this argument and does not challenge Wright's second assignment of error. The issue for consideration on this appeal then concerns whether the court erred in imposing a maximum sentence in this case.
R.C. 2929.14 (C) provides:
 Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section.
Although the prosecutor has conceded Wright's first assignment of error, we are not persuaded that the conduct of the court in this instance constitutes reversible error. We distinguish this case from State v. Hart (Nov. 5, 1998), Cuyahoga App. No. 74589, unreported, referred to by appellant, because in that case the court made no explicit finding on the record that Hart had committed the worst form of the offense of receiving stolen property, or posed a greater likelihood of committing future crimes, or had been a major drug offender.
Nor are the other unpublished cases cited to us controlling authority. Since they are unpublished, they may be persuasive, but the facts vary from those in this case: See, e.g., State v. Gray
(March 4, 1999), Cuyahoga App. No. 72940, unreported; State v.Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported; State v.Wells (March 11, 1999), Cuyahoga App. No. 73977, unreported, (failure of trial court to make required findings); State v. Mikol
(April 9, 1998), Cuyahoga App. No. 72447, unreported (not a maximum sentence case). We do not have the circumstances of those cases presented to us in today's case.
Here, the trial court did make an explicit finding that Wright had committed the worst form of the offense because Wright had committed the offense while on shock probation. Furthermore, the court found that Wright had a greater likelihood of committing future crimes because he had previously been imprisoned on three occasions since 1980, and had a criminal record for theft offenses since 1978. These conclusions are supported in the record. We also recognize that the court did comment at sentencing that it considered the offense to be the "worst form of a fourth degree felony because it really is a second degree felony," but we recognize the court made additional independent findings beyond its consideration of what had been stated in the indictment. The record before us demonstrates that the trial court imposed sentence for a fourth degree felony in accordance with the law. Our review reveals no reversible error and, we, therefore, affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED.
DIANE KARPINSKI, J., CONCURS and JOHN T. PATTON, J., CONCURS.
 ___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL